**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot, et al., | No. CV-23-02684-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Absolute Resolutions Investments LLC, et al., | |
| Defendants. | |

This matter involves various allegations of fraudulent debt collection practices, negligence, racketeering, malicious prosecution, invasion of privacy, and defamation. On October 17, 2023, *pro se* Plaintiffs Oliver Complot ("Plaintiff Complot") and Corina Tolamaa ("Plaintiff Tolamaa") (together "Plaintiffs") filed a Complaint (Doc. 1-2) in Maricopa County Superior Court, which was subsequently removed to this Court. (Doc. 1). Plaintiffs later voluntarily dismissed from this action formerly named defendants Absolute Resolutions Corporation; ARC Holdings, LLC; Arcon Credit Solution, LLC; Christopher Winkle; and Robert Johnson.[1] On January 8, 2024, Plaintiffs filed a First Amended Complaint (Doc. 16) ("FAC")[2] against Defendants Rhett Flaming-Buschman, Johnathan Anderson, Butch Johnson, and Wade Price (collectively the "Individual

---

[1] Robert Johnson had jointly filed a Motion to Dismiss with Defendant Absolute Resolutions Investments LLC (Doc. 11). Because Robert Johnson has since been dismissed from this action, his Motion (Doc. 11) is denied as moot.

[2] Defendant Absolute Resolutions Investments LLC had filed a Motion to Dismiss (Doc. 11) with respect to the Complaint (Doc. 1-2). Because Plaintiffs subsequently filed a First Amended Complaint (Doc. 16), Defendant Absolute Resolutions Investments LLC Motion (Doc. 11) is denied as moot.

1    Defendants"); Defendant Absolute Resolutions Investments LLC ("ARI"); and Defendant

2    Johnson Mark LLC (together "Defendants").  There are now several motions pending

3    before the Court (Docs. 17; 18; 25; 27).[3]  The Court will address each motion in turn.

4    **I.**     **Plaintiffs' Motion for Extension of Time to Serve (Doc. 17)**

5          The deadline for service in this matter was January 17, 2024.  Fed. R. Civ. P. 4(m)

6    (a plaintiff must serve the defendant within ninety days after the complaint is filed).[4]  On

7    January 12, 2024, Plaintiffs filed a Motion for Extension of Time to Serve (Doc. 17) with

8    respect to the Individual Defendants and Defendant Johnson Mark LLC.  Plaintiffs

9    preemptively sought an extension because their initial attempts at service by mail was

10    returned as undelivered.  (*Id.* at 1).[5]  Federal Rule of Civil Procedure 4 provides that if a

11    plaintiff shows good cause for failing to serve a defendant within the time limit, "the court

12    must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Because

13    Plaintiffs' initial service efforts were unsuccessful and they preemptively sought an

14    extension to timely effectuate service, the Court finds good cause to grant Plaintiffs'

15    Motion nunc pro tunc.  In any event, the record shows Plaintiffs effectuated service upon

16    the Individual Defendants and Defendant Johnson Mark LLC on January 17, and 18, 2024.

17    (Doc. 19).

---

18

19    [3] In one such motion, Individual Defendants and Defendant Johnson Mark LLC moved to

20    dismiss the FAC under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim.  (Doc. 27).  Plaintiffs did not file

21    a response to the Motion, and the time to do so has passed.  *See* LRCiv. 7.2(c) (opposing party has 14 days after service within which to serve and file a responsive memorandum).

22    Local Rule of Civil Procedure 7.2 provides that if a party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the

23    denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i); *see also Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994).  Because

24    Plaintiffs failed to respond to Defendant Johnson Mark LLC and the Individual Defendants' Motion to Dismiss (Doc. 27)—and they apparently are capable of doing so

25    given their timely Response (Doc. 20) and lodged Sur-reply (Doc. 26) to ARI's Motion to Dismiss (Doc. 18)—the Court will construe Plaintiffs' inaction as consent to granting

26    Defendant Johnson Mark LLC and the Individual Defendants' Motion to Dismiss. Moreover, for the reasons stated *infra*, the Court finds that the bases for the Motion are meritorious under Rule 12(b)(6).  *See infra* Section II.B(2).

27    [4] The Complaint (Doc. 1-2) was filed on October 17, 2023.

28    [5] Plaintiffs represent that "[a]lternate service by mail was granted in the superior court" for the Individual Defendants.  (Doc. 17 at 1).

1  **II.    Motion to Dismiss (Doc. 18)**

2          ARI has filed a Motion to Dismiss (Doc. 18) ("ARI's Motion") under Rule 12(b)(6)[6]

3  for failing to state a claim. The Court will provide an overview of Plaintiffs' FAC and

4  related litigation before turning to the merits of ARI's Motion.

5          **A.    Background[7]**

6          All Defendants are "debt collectors" as defined by the Fair Debt Collection Practices

7  Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").[8]  (Doc. 16 at 16).  ARI and Defendant Johnson

8  Mark LLC are debt collector companies.  (*Id.*)  The Individual Defendants are "debt

9  collector attorneys" employed by Defendant Johnson Mark LLC.  (*Id.*)  Plaintiff Complot

10  and Plaintiff Tolamaa are a married couple and are "consumers" as defined by the FDCPA.[9]

11  (*Id.*)

12          **1.    The First Amended Complaint (Doc. 16)**

13                  **a.    The Underlying Loan and State Collection Action**

14          The claims in the FAC stem from Plaintiff Tolamaa's alleged $64,296.38 household

15  private student loan (the "Loan") that she obtained through non-party Sofi Lending Corp

16  (the "original creditor").   Plaintiffs represent that "ARI was first notified to verify the

17  alleged debt" [on] 12/06/2022."  (*Id.* at ¶ 2).  "On or around February 2023, AR[I] was

18  again sent correspondence for their failure to verify and to cease communicating to

19  claimant CORINA TOLAMAA'S consumer reports information which is not verified."

20  (*Id.*) Plaintiffs further claim that "Johnson Mark LLC was first notified to verify the alleged

---

21

22  [6] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

23
24  [7] Unless otherwise noted, these facts are taken from Plaintiffs' FAC (Doc. 16).  The Court will assume the FAC's factual allegations are true, as it must in evaluating a motion to dismiss.  *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

25
26  [8] The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."
27  15 U.S.C. § 1692a(6).

28  [9] The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

1  debt [on] 3/13/2023 after they sent a debt communication." (*Id.*)  Plaintiffs allege that John

2  Mark LLC was notified again 30 days later, yet no verification was provided.  (*Id.*)

3          In April 2024, ARI filed suit against Plaintiffs in Maricopa County Superior Court

4  seeking to collect on the $64,296.38 Loan ("the State Collection Action").[10]  *Absolute*

5  *Resolutions Investments, LLC* v. *Tolamaa et al*, CV 2023-005777 (Maricopa Cnty. Super.

6  Ct. April 14, 2023); (*see also* Doc. 16 at 57–60) (ARI's State Collection Action

7  complaint)).  ARI retained the Individual Defendants as counsel in the State Collection

8  Action through Defendant Johnson Mark LLC.  (Doc. 16 at 57–58).  ARI alleged the

9  original creditor had assigned the Loan contract to ARI.  (*Id.* at 58).  ARI claimed that

10  Plaintiffs defaulted on the Loan and sought payment of the principal, interest, court costs,

11  and other relief as the court may deem just and equitable.  (*Id.*)  ARI further asserts that

12  Plaintiff Tolamaa's spouse, Plaintiff Complot, is also liable for the Loan "because the debt

13  is either community property incurred during the marriage or separate property for which

14  the community is liable." (*Id.* at 57).  The State Collection Action remains pending before

15  Superior Court Judge Brad Astrowsky.

16          Relevant here, Plaintiffs represent in their FAC that Defendants tendered the

17  following false and/or misleading forms during the State Collection Action:

18          (1)     May 26, 2023, Requests for Admission (*id.* at 65) seeking admissions
19                  relative to the subject debt including admissions relative to the
20                  genuineness of documents related to the debt.  (*Id.* at ¶¶ 4, 7–9, 74,
                    105, 139, 192).

21          (2)     An Initial Disclosure Statement (*id.* at 66–67) that ARI attached to its

22

---

23  [10] In ruling on a motion to dismiss, courts may consider "matters of which a court may take
24  judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
      This Court is taking judicial notice of the pleadings and orders in the State Collection
24  Action. *See PageMasters, Inc. v. Autodesk, Inc.*, 2009 WL 825810, at *2 (D. Ariz. 2009)
      ("Pleadings and orders in other actions are matters of public record, and hence properly the
25  subject of judicial notice.") (citing, *inter alia, Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
      442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice, as a matter of public record,
26  "pleadings, memoranda, expert reports, etc., from [earlier] litigation[,]" which were thus
      "readily verifiable")); *see also* Fed. R. Evid. 201(c) (courts "must take judicial notice if a
27  party requests it and the court is supplied with the necessary information"); *see also* Fed.
      R. Evid. 201(b) (courts may take judicial notice of facts "generally known within the trial
28  court's territorial jurisdiction" or facts that "can be accurately and readily determined from
      sources whose accuracy cannot reasonably be questioned").

1    motion for summary judgment, which characterized ARI as either the
2    "Original Creditor or" as having "purchased the account from the
     Original Creditor." (*Id*. at ¶¶ 4, 10).
3

4    (3)    Chain of title documents (*id*. at 68–69). (*See also id*. at ¶¶ 4, 11–14).

5    (4)    An August 9, 2022, billing statement attached to the State Collection
            Action complaint (*id*. at 59–60) that represented the date of last
6           payment as having been received September 3, 20212 and the "TRM"
7           as 129 months. (*Id*. at ¶¶ 52–56, 116–121).

8    (5)    The "ChargeOffs Placement" file (Doc. 16-1 at 1–6) that identified
            the last payment date as September 1, 2021, the delinquency start date
9           as November 3, 2018, and the current balance as $64,296.38 (*i.e.*
10          alleged Loan amount). (Doc. 16 at ¶¶ 84–87, 116–121).

11   (6)    Additional billing statements spanning from November 8, 2021, to
            August 9, 2022, (*id*. at 77–86) which Plaintiffs contend do not "add
12          up[.]" (*Id*. at ¶¶ 156-174).
13

14   Plaintiffs allege they relied on these false and/or misleading forms "to make informed

15   decisions and decide how to make proper defense" (*id*. at ¶¶ 29, 68, 99, 133, 186), and that

16   Defendants presented the documents "in a manner which intended to cause the [Plaintiffs]

17   to make poor decisions" when defending against the State Collection Action (*id*. at ¶¶ 15,

18   29, 36, 43, 68, 99, 133, 186). Plaintiffs' position, among others, is that ARI, the Individual

19   Defendants, and Defendant Johnson Mark LLC negligently produced documents

20   containing fraudulent, incorrect, or incomplete information as "oppressive tactics" during

21   the course of litigation to mislead and "prevent Plaintiffs from obtaining correct material"

22   to support their claims. (*Id*. at ¶¶ 19–22, 25 33, 40).

23                    **b.    Plaintiffs' Claims**

24          Plaintiffs bring the following claims based on the false and/or misleading forms

25   exchanged during the State Collection Action: violations of the FDCPA; negligence;

26   negligent misrepresentation; fraudulent misrepresentation; fraudulent concealment and/or

27   omission; constructive fraud; violation of the Arizona Consumer Fraud Act, A.R.S. §44-

28   1522 *et seq*. ("ACFA"); abuse of process/ malicious prosecution; aiding and abetting;

invasion of privacy (false light and intrusion upon seclusion); negligent and intentional infliction of emotional distress; libel, slander, and defamation; negligent hiring and supervision/ respondeat superior; and violation of the Federal Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO").

For relief, Plaintiffs seek $500,000 from Defendant Johnson Mark LLC, that the Individual Defendants be suspended from practicing law for five months, $2,500,000 in compensatory damages from ARI plus treble and punitive damages, a recommendation that the State Collection Action be dismissed, and any other relief the Court sees fit. (*Id*. at 54).

### 2.      The Arizona District Court Lawsuit[11]

On September 18, 2023, Plaintiff Complot had filed *Complot v. Absolute Resolution Investments LLC et al*, No. 2:23-cv-01945-DWL (D. Ariz. Sept. 18, 2023) ("Federal Lawsuit") in this district against Defendants, Superior Court Judge Brad Astrowsky, the State of Arizona, and any other court officers involved in the State Collection Case. Similar to the FAC in this case, Plaintiff Complot alleged in the Federal Lawsuit that ARI and its counsel "failed to provide any verifiable admissible evidence" to support its claim in the State Collection Action and thus committed "abuse of process and mov[ed] a fraudulent claim upon the court." Federal Lawsuit, ECF No. 1 at 2. Plaintiff Complot further stated that Superior Court Judge Brad Astrowsky "ignored and failed to acknowledge [his] request" to discipline AR[I] and its counsel[.]" *Id*. The Federal Lawsuit was based on Plaintiff Complot's claims for "obstruction of Justice 18 U.S.C. § 1503, due process and fairness violations, misfeasance, malfeasance, negligence, attorney and judge misconduct, abuse of process, 18 U.S.C.[§] 242 and a whole host of other violations" *Id*. at 3. For relief, Plaintiff Complot sought "disbarment of all the attorneys employed by Johnson Mark LLC," "compensatory damages from [ARI] in the amount of $2,500,000 million dollars [sic] along with punitive damages," "compensation from the State of Arizona in the amount of $2,000,000 million dollars [sic] for its negligence in placing [Judge] Astrowsky

---

[11] This Court is taking judicial notice of the pleadings and orders in the Federal Lawsuit. *See PageMasters, Inc.*, 2009WL 825810, at *2; *see also* Fed. R. Evid. 201(c); *see also* Fed. R. Evid. 201(b).

1  in office," and "disciplinary action against [Judge Astrowsky] and every officer involved
2  in the case CV20235777." *Id*. at 4.

3        On October 13, 2023, United States District Judge Dominic W. Lanza *sua sponte*
4  dismissed the Federal Lawsuit without leave to amend.  *See generally* Federal Lawsuit,
5  ECF No. 10.  Plaintiff initiated the present action five days later.  (*See* Doc. 1-2).

6        **B.    Discussion**

7        ARI argues the FAC fails to state a claim under Rule 12(b)(6) for two reasons.  First,
8  ARI asserts that Plaintiffs claims are barred by *res judicata* because they have already been
9  adjudicated and dismissed in the Federal Lawsuit.  (Doc. 18 at 7–8).  Second, ARI contends
10 the FAC fails to plead any plausible claim for relief.  (*Id*. at 8–17).  The Court will set forth
11 the applicable legal standards before addressing ARI's arguments in turn.

12        **1.    Federal Rule of Civil Procedure 12(b)(6)**

13        A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a
14 complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  A complaint
15 need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply
16 must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*
17 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A complaint has facial plausibility when
18 the plaintiff pleads factual content that allows the court to draw the reasonable inference
19 that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,
20 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a
21 'probability requirement,' but it asks for more than a sheer possibility that defendant has
22 acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads
23 facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line
24 between possibility and plausibility of entitlement to relief.'"  *Id.* (citation omitted).

25        When ruling on a motion to dismiss, the court accepts all factual allegations in the
26 complaint as true and views the pleadings in light most favorable to the nonmoving party.
27 *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  That rule does not apply,
28 however, to legal conclusions.  *Iqbal*, 556 U.S. at 678.  A complaint that provides "labels

1    and conclusions" or "a formulaic recitation of the elements of a cause of action will not

2    do." *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more

3    than "naked assertions" without "further factual enhancement." *Id.* at 557.  Furthermore,

4    the Court is mindful that it must "construe *pro se* filings liberally when evaluating them

5    under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v.*

6    *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).  In line with this principle, the Court must grant

7    leave to amend if it appears that the plaintiff can correct the defects in the complaint.

8    *Lopez*, 203 F.3d at 1130.  However, if a claim or complaint cannot be saved by amendment,

9    dismissal with prejudice is appropriate.  *See Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d

10    1189, 1196 (9th Cir. 2013).

11            **2.    *Res Judicata***

12            ARI first argues Plaintiffs' claims are barred by *res judicata* under the claim

13    preclusion doctrine because they were already dismissed in the Federal Lawsuit.

14    (Doc. 18 at 7–8).  "*Res judicata*" generally refers to the preclusive effect of a former

15    adjudication.  *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988).  The policy

16    behind *res judicata* is to "protect adversaries from the expense and vexation attending

17    multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial action

18    by minimizing the possibility of inconsistent decisions." *Americana Fabrics, Inc. v. L &*

19    *L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985) (citing *Montana v. United States*, 440

20    U.S. 147, 153–54 (1979)).  "When the same claim or issue is litigated in two courts, the

21    second court to reach judgment should give *res judicata* effect to the judgment of the first,

22    regardless of the order in which the two actions were filed." *Id.* (citing *Chicago, R.I. & P.*

23    *Ry. v. Schendel*, 270 U.S. 611, 615–17 (1926)).  The claim preclusion doctrine "prevents

24    litigation of all grounds for, or defenses to, recovery that were previously available to the

25    parties, regardless of whether they were asserted or determined in the prior proceeding."

26    *Robi*, 838 F.2d at 322 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).  In other words,

27    claim preclusion does not only apply to "questions essential to and actually litigated in the

28    first action"; rather it "bar(s) all grounds for recovery which could have been asserted,

whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).

Plaintiffs posit that this Court should apply Arizona's same evidence test[12] to resolve questions of *res judicata*. (Doc. 20 at 3–4). But federal courts must apply federal *res judicata* rules to judgments issued by other federal courts. *Robi*, 838 F.2d at 322. Because the Federal Lawsuit was litigated in federal court, "the Court does not apply Arizona's liberal 'same evidence' test when assessing the *res judicata* effect . . . . Instead, federal law applies." *McGhee v. High Mt. Health LLC*, 2020 WL 1929186, *5 (D. Ariz. Apr. 21, 2020) (citing *Axon Enterprise Inc. v. Vievu LLC*, 2018 WL 317289, *3 (D. Ariz. 2018) ("[F]ederal courts apply the transactional test to determine the *res judicata* effect of a prior federal judgment, but defer to state *res judicata rules* when evaluating the preclusive effect of a state court judgment.")).

Under federal *res judicata* law, a claim is precluded when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002). The Court will address each element in turn.

### a.    Identity of Claims

To determine whether two suits involve the same claim or cause of action under the first claim preclusion element, courts must consider four criteria: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The Ninth Circuit has instructed that these considerations are "tools of analysis, not requirements." *Int'l Union of Operating*

---

[12] "The 'same evidence' test is quite liberal, and permits a plaintiff to avoid preclusion merely by posturing the same claim as a new legal theory, even if both theories rely on the same underlying occurrence." *Power Rd.-Williams Field LLC v. Gilbert*, 14 F. Supp. 3d 1304, 1309 (D. Ariz. 2014).

1      *Engineers-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d

2      1426, 1429–30  (9th Cir. 1993) (quoting *Derish v. San Mateo–Burlingame Bd. of Realtors*,

3      724 F.2d 1347, 1349 (9th Cir. 1983)).

4
5                 **i.**      **Whether the Federal Lawsuit arose out of the same transactional nucleus of facts as the present action**

6
7          Under the first consideration, "[w]hether two suits arise out of the same

8      transactional nucleus depends upon whether they are related to the same set of facts

9      and . . . could conveniently be tried together." *Proshipline Inc. v. Aspen Infrastructures*

10      *Ltd*, 609 F.3d 960, 968 (9th Cir. 2010).  This inquiry "is essentially the same as whether

11      the claim *could have been brought* in the first action." *Turtle Island Restoration Network*

12      *v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (internal quotation omitted)

13      (emphasis added).  The Ninth Circuit has "often held the common nucleus criterion to be

14      outcome determinative." *Mpoyo*, 430 F.3d at 988.  ARI argues this action and the Federal

15      Lawsuit arise under the same nucleus of facts because they both stem from actions taken

16      by ARI and its counsel—i.e., the Individual Defendants and Defendant Johnson Mark

17      LLC—in the State Collection Action.  (Doc. 18 at 8).  The Court agrees.

18          Upon comparing the FAC with the complaint in the Federal Lawsuit, both matters

19      arise out of fraudulent actions that allegedly occurred during litigation of the State

20      Collection Action.  Plaintiff Complot's theory of liability in the Federal Lawsuit was that

21      ARI, the Individual Defendants, and Defendant Johnson Mark LLC "failed to provide any

22      verifiable admissible evidence" to support ARI's claim in the State Collection Action,

23      committed "abuse of process," and mov[ed] a fraudulent claim upon the court."  Federal

24      Lawsuit, ECF No. 1 at 2.  To support that theory, Plaintiff Complot spent much of his

25      complaint summarizing the procedural history of the State Collection Action.  *Id*. at 2–3.

26      By comparison, Plaintiffs' FAC in this matter alleges that "[t]he defendants recklessly

27      claimed [in the State Collection Action that] the claimants owed this alleged debt and used

28      fraudulent forms to do so."  (Doc. 1 at ¶ 214).  And Plaintiffs expressly concede in their

Response that the FAC "specifically and with particularity has to do with the internally

1    inconsistent and forged documents produced by ARI in their extortion scheme during

2    litigation" in the State Collection Action.  (Doc. 20 at 2).  Indeed, Judge Lanza summarized

3    Plaintiff Complot's complaint to "allege [] fraud on the state court."  Federal Lawsuit, ECF

4    No. 10 at 3.  Plaintiffs allege the same in the FAC.

5            Although the FAC is based on additional facts regarding the nature of the allegedly

6    misleading litigation documents and slightly different theories of liability, it is readily

7    apparent that the FAC relies on the same nucleus of facts that directly underpin the

8    complaint in the Federal Lawsuit.  Both matters raise the same events that occurred during

9    the course of the State Collection Action.  Both matters are based on the same allegedly

10   misleading material that was exchanged during the State Collection Action.  Because these

11   commonalities suggest both actions could have been brought together, the same

12   transactional nucleus requirement is met.[13]  *See Turtle Island*, 673 F.3d at 918; *Proshipline*,

13   609 F.3d at 968.  The Court further agrees with ARI that the fact "that this lawsuit has

14   additional and different causes of action does not change the result.  (Doc. 18 at 8 (citing

15   *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 691 (9th Cir. 2007)).  Indeed, claim

16   preclusion "bar(s) all grounds for recovery which could have been asserted, whether they

17   were or not, in a prior suit between the same parties . . . on the same cause of action."

18   *Costantini*, 681 F.2d at 1201; *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)

19   ("[C]laim preclusion[] prohibits lawsuits on 'any claims that were raised or could have

20   been raised' in a prior action.")  (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244

21   F.3d 708, 713 (9th Cir. 2001).  This first outcome determinative consideration is therefore

22   conclusive of preclusive effect.

23   / / /

24   / / /

25   ───────────────────

26   [13] Plaintiffs state that their receipt of additional forms in this action on January 21, 2024,
     "constitutes a new event and set of facts that could not have been pleaded or raised in a

27   prior action" and so "it seems impossible for the [FAC] to . . . arise from the same
     transactional nucleus of facts" as the Federal Lawsuit.  (Doc. 20 at 2–3).  But Plaintiffs'

28   position is misguided.  The allegations underlying present action is about the forms
     exchanged during litigation in the State Collection Action.  The crux of the present action
     is not about forms exchanged during ongoing litigation.

1

2

3

      **ii. Whether the rights and interests established in the Federal Lawsuit would be impaired by prosecution of the present action**

4

   Plaintiffs' position is that Judge Lanza dismissed the Federal Lawsuit "because the

5

claims were not grounds to sue in federal court and the judge suggested that federal courts

6

do not have jurisdiction over state attorneys.   Thus, the primary right established in the

7

[Federal Lawsuit] was related to privacy and being left alone based on the alleged payoff

8

letter."  (Doc. 20 at 2).  Not so.  Plaintiffs are misguided in concluding "the basis of the

9

[Federal] action only determined that the alleged pay-off letter and cease communications

10

letters were not sufficient to state a claim."  (*Id*. at 3).  The Federal Lawsuit did not evaluate

11

the Defendants debt collection practices in connected to the Loan.  Rather, the Federal

12

Lawsuit clarified the Defendants' interests in claims regarding attorney misconduct and

13

fraudulent litigation tactics during the State Collection Action.

14

   As to ARI, Judge Lanza expressly held that Plaintiff Complot's claim against ARI

15

for fraud on the state court failed as a matter of law because "no court has found that fraud

16

on the court is an independent legal cause of action for which a plaintiff may recover

17

damages."  Federal Lawsuit, ECF No. 10 at 4 (quoting *Coultas v. Payne*, 2016 WL 740421,

18

\*4 (D. Or. 2016)).   So, ARI's interests established in the Federal Lawsuit would be

19

impaired by prosecution of Plaintiffs' claims for fraud in the present action.

20

   As to the Individual Defendants and Defendant Johnson Mark LLC, Judge Lanza

21

explained why Plaintiff Complot could not seek sanctions and/or disbarment of ARI's

22

counsel through the Federal Lawsuit:

23

24

25

26

27

28

   [A]lthough "district courts have the authority to supervise and discipline the conduct of attorneys who appear before them," *In re Kramer*, 193 F.3d 1131, 1132 (9th Cir. 1999), "[t]he two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers," *Theard v. United States*, 354 U.S. 278, 281 (1957), such that this Court is not in a position to disbar all the attorneys employed by Johnson Mark LLC from practicing law in the state of Arizona. Nor do the facts alleged persuade the Court that disbarment (or any other form of discipline) from the District of Arizona based on certain attorneys' conduct

1

2

3

> in the state court cases at issue is appropriate. Indeed, the facts alleged in the
> complaint do not establish any malfeasance on the part of any Defendant to
> this action.

4

5

6

7

8

9

10

11

*Id*.   In the present matter, Plaintiffs similarly request, among other things, that the Individual Defendants be suspended from practicing law. (Doc. 16 at 54).  So, to prosecute the present matter would impair the Individual Defendants and Defendant Johnson Mark LLC's interests to be free from such sanctions.  Further prosecution would also contradict Judge Lanza's finding that the facts alleged to have occurred during the State Collection Action do not reflect any malfeasance on part of the Defendants.  Federal Lawsuit, ECF No. 10 at 4.  So, this second consideration offers further support for the similarity of the claims in the two matters.

12

### iii.    Whether there is overlap in evidence

13

14

15

16

17

18

19

20

21

Because both matters arise from the actions taken by ARI and its counsel during litigation of the State Collection Action, the same evidence would necessarily be used in both suits.  Even a cursory review of the exhibits attached to the FAC and complaint in the Federal Lawsuit show there is a clear overlap in evidence.  For example, both include the State Collection Action complaint (*compare* Doc. 16 at 57–58 *with* Federal Lawsuit, ECF. No 1 at 24–25) and the allegedly misleading August 9, 2022, billing statement that was attached to the State Collection Action complaint (*compare* Doc. 16 at 59–60 *with* Federal Lawsuit, ECF. No 1 at 26).   This last consideration offers further support that the Federal Action should have preclusive effect on the present matter.

22

### b.    Final Judgment on the Merits

23

24

25

26

27

28

The second claim preclusion element requires that the earlier suit reach a final judgment on the merits.  *Sidhu*, 279 F.3d at 900.  Judge Lanza's *sua sponte* dismissal of the Federal Lawsuit without leave to amend satisfies this requirement because an order dismissing a case for failure to state a claim operates as an adjudication upon the merits even if the order does not specify whether the suit was dismissed with or without prejudice. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("[u]nless the court in its

order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.") (quoting Fed. R. Civ. P. 41(b)).   Moreover, Plaintiff Complot did not appeal the dismissal of the Federal Lawsuit.

### c.   Identical Parties or Privies

The final claim preclusion element assesses privity between the parties.  Plaintiff Complot is the same Plaintiff in both actions.  As to the defendants, both the present action and the Federal Lawsuit were brought against Defendants Rhett Flaming-Buschman, Johnathan Anderson, Butch Johnson, Wade Price, ARI, and Johnson Mark LLC. Therefore, it is certain that Defendants are identical parties who already had a complete opportunity to defend against Plaintiffs' claims through the same capacities as they are sued in the present action.  This supports application of *res judicata*.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("[S]everal parties in both actions are identical, and therefore quite obviously in privity.").

### 3.   Conclusion

In sum, all three claim preclusion elements are satisfied and dismissal of the Federal Lawsuit precludes Plaintiff from asserting the claims in the current matter.   ARI's Motion is therefore granted.[14]   Because the Court has settled that the FAC should be dismissed on *res judicata* grounds, the Court will not assess whether each of Plaintiff's claims plausibly states a claim for which relief can be granted.

Accordingly,

**IT IS ORDERED** that Defendant Absolute Resolutions Investments LLC and non-party Robert Johnson's Motion to Dismiss (Doc. 11) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Defendants Johnson Mark LLC, Rhett Flaming-Buschman, Johnathan Anderson, Butch Johnson, and Wade Price's Motion to Dismiss (Doc. 27) is **GRANTED** under Local Rule of Civil Procedure 7.2**.**

---

[14] Plaintiffs had requested leave to file a sur-reply to ARI's Motion (Doc. 25) and lodged their proposed sur-reply at (Doc. 26).  The Court need not consider Plaintiffs' sur-reply to conclude that ARI's Motion to Dismiss should be granted on *res judicata* grounds. Plaintiff's request to file a sur-reply (Doc. 25) is therefore denied.

1    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to
2    Serve (Doc. 17) is **GRANTED** *nunc pro tunc*.

3    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File a Sur-reply
4    (Doc. 25) is **DENIED**.

5    **IT IS FINALLY ORDERED** that Defendant Absolute Resolutions Investments
6    LLC's Motion to Dismiss (Doc. 18) is **GRANTED**.  Plaintiffs' First Amended Complaint
7    (Doc. 16) is dismissed without leave to amend under the claim preclusion doctrine.  There
8    being nothing further, the Clerk of Court is the Clerk of Court is kindly directed to
9    terminate this action.

10    Dated this 12th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge

- 15 -