**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot, et al., | No. CV-23-02684-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Absolute Resolutions Investments LLC, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiffs' Motion for Reconsideration (Doc. 31). Plaintiffs seek reconsideration of the Court's June 13, 2024, Order dismissing Plaintiffs' First Amended Complaint ("FAC") (Doc. 30). Therein, the Court found that *res judicata* precluded the FAC's claims and denied Plaintiffs' request to amend. (*Id*.) Plaintiffs argue the Court's decision was error because the alleged misrepresentations in the FAC arose after dismissal of the earlier suit and thus could not be subject to *res judicata*. (Doc. 31 at 1).

The Court will deny the Motion for Reconsideration.

**I.    Background**

Though detailed in its June Order, the Court briefly restates the facts relevant to Plaintiffs' Motion for Reconsideration here.

*The State Collection Action.*   On April 14, 2023, Absolute Resolutions Investments LLC ("ARI"), a debt collector company, filed suit against Plaintiffs in Maricopa County Superior Court for the collection of a $64,296.38 household private

student loan ("State Collection Action"). (*See* Complaint, *Absolute Resolutions Investments, LLC v. Tolamaa et al*, CV 2023-005777 (Maricopa Cnty. Super. Ct. April 14, 2023) at Doc. 16 at 57–60). Therein, ARI alleged that Plaintiffs defaulted on the student loan and sought payment of the principal, interest, court costs, and other relief as the court may deem just and equitable. (*Id.*) The State Collection Action remains pending before Superior Court Judge Brad Astrowsky.

*Plaintiff's First Lawsuit.* On September 18, 2023, Plaintiffs filed a federal lawsuit against ARI, Johnson Mark LLC, Rhett Flaming-Buschman, Johnathan D. Anderson, Butch Johnson, Wade Price, Superior Court Judge Brad Astrowsky, the State of Arizona, and other court officers involved in the State Collection Action ("Federal Lawsuit"). *Complot v. Absolute Resolution Investments LLC et al*, No. 2:23-cv-01945-DWL (D. Ariz. Sept. 18, 2023). Plaintiff Complot alleged in the Federal Lawsuit that ARI and its counsel "failed to provide any verifiable admissible evidence" to support its claim in the State Collection Action and thus committed "abuse of process and mov[ed] a fraudulent claim upon the court." Federal Lawsuit, ECF No. 1 at 2. Plaintiff Complot further stated that Superior Court Judge Brad Astrowsky "ignored and failed to acknowledge [his] request" to discipline AR[I] and its counsel[.]" *Id*. The first Federal Lawsuit was based on Plaintiff Complot's claims for "obstruction of Justice 18 U.S.C. § 1503, due process and fairness violations, misfeasance, malfeasance, negligence, attorney and judge misconduct, abuse of process, 18 U.S.C.[§] 242 and a whole host of other violations." *Id*. at 3. For relief, Plaintiff Complot sought "disbarment of all the attorneys employed by Johnson Mark LLC," "compensatory damages from [ARI] in the amount of $2,500,000 million dollars [sic] along with punitive damages," "compensation from the State of Arizona in the amount of $2,000,000 million dollars [sic] for its negligence in placing [Judge] Astrowsky in office," and "disciplinary action against [Judge Astrowsky] and every officer involved in the case CV20235777." *Id*. at 4. On October 13, 2023, United States District Judge Dominic W. Lanza *sua sponte* dismissed the Federal Lawsuit without leave to amend. *See generally* Federal Lawsuit, ECF No. 10. Plaintiff initiated

the present action five days later. (*See* Doc. 1-2).

*Plaintiff's Second Lawsuit.* Plaintiffs' second lawsuit, filed on October 17, 2023, was initiated in Maricopa County Superior Court against Defendants ARI, Johnson Mark LLC, Rhett Flaming-Buschman, Johnathan D. Anderson, Butch Johnson, and Wade Price, and subsequently removed to this Court.[1] (Doc. 1). In their FAC, Plaintiffs allege that Defendants tendered false and misleading forms—including requests for admission, a disclosure statement, chain of title documents, a billing statements, and a "ChargeOffs Placement" file—to them during the State Collection Action. (*See id.* at ¶¶ 4, 10, 11–14, 52–56, 84–87, 116–21, 156–74). They allege that they relied on these false and/or misleading forms "to make informed decisions and decide how to make proper defense." (*Id*. at ¶¶ 29, 68, 99, 133, 186). They also alleged that Defendants presented the documents "in a manner which intended to cause the [Plaintiffs] to make poor decisions" when defending against the State Collection Action. (*Id.* at ¶¶ 15, 29, 36, 43, 68, 99, 133, 186). (Doc. 30 at 5). Plaintiffs' position, among others, is that ARI, the Individual Defendants, and Defendant Johnson Mark LLC negligently produced documents containing fraudulent, incorrect, or incomplete information as "oppressive tactics" during the course of litigation to mislead and "prevent Plaintiffs from obtaining correct material" to support their claims.

Defendant ARI moved to dismiss the FAC, contending the claims were barred by *res judicata* and that the FAC failed to plead any plausible claim for relief. (Doc. 18). The Court agreed that the claims were precluded by *res judicata*. It did not assess whether the FAC stated plausible claims for relief. (Doc. 30). The Court then dismissed the FAC without leave to amend. (*Id.*)

On June 26, 2024, Plaintiffs filed their Motion for Reconsideration. (Doc. 31). The Court did not order a response and thus none was filed. *See* L.R.Civ. 7.2(g)(2) ("No response to a motion for reconsideration . . . may be filed unless ordered by the Court[.]")

---

[1] Plaintiffs voluntarily dismissed Absolute Resolutions Corporation, ARC Holdings, LLC, Arcon Credit Solutions, LLC, Christopher Winkle, and Robert Johnson from the second lawsuit.

- 3 -

## II. Discussion

Motions for Reconsideration are to be granted only in rare circumstances, and the Court "will ordinarily deny" such a motion. L.R. Civ. 7.2(g)(1); *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Motions for reconsideration should not be used to ask a court to "'rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, (3) if there is an intervening change in controlling law." *School Dist. No. 1 J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In addition to complying with LR Civ. 7.2(g)(1), a party moving for reconsideration must take into account the narrow scope of such a motion. "[D]issatisfaction or disagreement is not a proper basis for reconsideration [.]" *Ellsworth v. Prison Health Services Inc.*, 2013 WL 1149937, at *2 (D. Ariz. March 20, 2013) (internal quotation marks and citations omitted).

Without specifying, Plaintiffs say that "[t]he Court unfortunately failed to properly consider material facts that were presented to the Court before the Court's decision." (Doc. 31 at 1). Plaintiffs say they received "a package of documents" *after* their Federal Lawsuit was dismissed in October 2023, and the alleged misrepresentations in those documents are the bases for "a new cause of action that could not be pleaded or barred by *res judicata*." (*Id*. at 1). Plaintiffs state they "made mention of these new documents and the fact that new wrongs defeat res judicata and the court should have given them more weight in its decision to ensure complete justice." (*Id.*)

In their Response to ARI's Motion to Dismiss, Plaintiff made the same argument. Specifically, they argued that their receipt of additional forms, exchanged as part of discovery in this action, "constitutes a new event and set of facts that could not have been pleaded or raised in a prior action" and so "it seems impossible for the [FAC] to . . . arise

from the same transactional nucleus of facts" as the Federal Lawsuit. (Doc. 20 at 2–3). The Court rejected this position as "misguided," and explained that "the allegations underlying [the] present action [are] about the forms exchanged during litigation in the State Collection Action. The crux of the present action is not about forms exchanged during ongoing litigation." (Doc. 30 at n.13). Nothing in the Ninth Circuit case law cited by Plaintiffs, which is neither new nor intervening, suggests that this finding was clear error.

Because Plaintiffs have not satisfied their burden for the Court to grant a Motion for Reconsideration, it is denied.

Accordingly,

**IT IS ORDERED DENYING** Plaintiff's Motion for Reconsideration (Doc. 31).

Dated this 4th day of December, 2024.

Honorable Diane J. Humetewa
United States District Judge